UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEVEN K. FARMER**, on behalf of himself and all others similarly situated,

    Plaintiff,

v.                              Case No: 8:21-cv-1478-MSS-SPF

**HUMANA, INC.**, a Delaware corporation, and **COTIVITI, INC.**, Delaware corporation,

    Defendants.

## ORDER

Before the Court is Plaintiff's unopposed Motion seeking to direct class notice and grant preliminary approval of a proposed class action settlement in this action, (Dkt. 39), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiff's Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby **GRANTS** the Motion, (Dkt. 39), and **ORDERS** as follows:

1.   **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows:

> "All individuals residing in the United States whose personal information was or may have been compromised in the data breach that is the subject of the Notice of Privacy Incident that Humana sent to Plaintiff and others in

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

> substantially the same form on or around March 1, 2021." The Settlement Class specifically excludes: (i) Humana, Inc. and Cotiviti, Inc. and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Data Incident or who pleads nolo contendere to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members; and f) a class

action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel.** The Court finds that the Plaintiff named in the Complaint will likely satisfy the requirements of Rule 23(e)(2)(A) and be appointed as the Settlement Class representative. Additionally, the Court finds that proposed Class Counsel, John A. Yanchuni and Ryan D. Maxey of Morgan & Morgan, will likely satisfy the requirements of Rule 23(e)(2)(A) and are appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of Settlement to the Settlement Class and, accordingly, is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiff's claims, the stage of the proceedings at which the Settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on **February 8, 2023**, at **10:00 a.m.**, in the Sam Gibbons United States Courthouse, Tampa Florida, Courtroom 7A before United States District Judge Mary S. Scriven. to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (e) the application of the Settlement Class Representatives for service awards should be approved.

6. **Settlement Administrator.** The Court appoints RG/2 Claims Administration LLC as the Settlement Administrator, with responsibility for class notice and claims administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid by Cotiviti pursuant to the Settlement Agreement.

7. **Notice.** The proposed method for providing notice set forth in the Settlement Agreement and the Class Notice and Claim Forms attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material

modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8. **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by class members.

The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice.** Within 10 days after the filing of the motion to permit issuance of notice, Defendants shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Settlement Administrator at the address and in the manner provided in the Notice. Such requests for exclusions must meet the opt-out deadline established by this Order and stated in the Notice.

A request for exclusion must be in writing and: (a) state the name of this proceeding (Farmer v. Humana Inc. and Cotiviti, Inc., Case No. 8:21-cv-01478-MSS-SPF, or similar identifying words such as "Humana Data Incident Lawsuit"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not received within the specified time shall be invalid and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Settlement Administrator shall forward a list of all requests for exclusion to Class Counsel and to Defendants' Counsel **within 7 days** of the Opt-Out Deadline.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments

in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the Settlement.

    11.    **Objections and Appearances.** Any Settlement Class Member may object to the Settlement, Class Counsel's request for fees and expenses, or the request for service award payments to the Settlement Class Representatives; provided, however, no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

    a) The name of this proceeding (<u>Farmer v. Humana Inc. and Cotiviti, Inc.</u>, Case No. 8:21-cv-01478-MSS-SPF, or similar identifying words such as "Humana Data Incident Lawsuit");

    b) The objector's full name, address, and telephone number;

    c) The grounds for the objection, as well as any documents supporting the objection;

    d) A statement as to whether the objection applies only to the objector and the objector's circumstances, to a specific subset of the class, or to the entire class;

    e) the name and address of any attorneys representing the objector with respect to the objection;

    f) A statement regarding whether the objector or his/her attorney intend to appear at the Final Approval Hearing; and

    g) The signature of the objector or his/her attorney.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

12. **Claims Process.** The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, Cotiviti shall pay an aggregate cap of $500,000.00 for the following general categories of relief; (i) the reimbursement of ordinary expenses, (ii) the reimbursement of other extraordinary expenses, and (iii) credit monitoring and identity protection. The Court preliminarily approves this process and directs the Settlement Administrator to make the claim forms or their substantial equivalents available to Settlement Class Members in the manner specified in the Notice.

    The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirement and procedures specified in the Class Notice and the claim forms. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

13. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order.** This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any

Settlement Class representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this litigation or in any other lawsuit.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| EVENT | DATE |
|---|---|
| Deadline for Defendants to disseminate CAFA notices | June 2, 2022 (pursuant to 28 U.S. Code § 1715(b)) |
| Deadline for Defendants to provide Settlement Class List to Settlement Administrator pursuant to the Settlement Agreement | July 8, 2022 |
| Notice Deadline | July 18, 2022 |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses, and service award | September 18, 2022 |
| Deadline to File Opt-Outs and Objections | November 15, 2022 |
| Deadline to File Claims | November 15, 2022 |

10

| | |
|---|---|
| Deadline to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Settlement Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | January 16, 2023 |
| Final Approval Hearing | February 8, 2023 |

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of June 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

11