# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| STEVEN K. FARMER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>HUMANA INC., a Delaware corporation, and COTIVITI, INC., a Delaware corporation,<br><br>   Defendants. | Case No.: 8:21-cv-01478-MSS-SPF |

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND OTHER RELIEF AND MOTION FOR FEE AWARD AND LITIGATION COSTS
AND ENTERING FINAL JUDGMENT**

On June 23, 2022, this Court entered an Order Granting Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). (Dkt. 40)

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims

contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice.

A Final Approval Hearing was held on February 8, 2023. (Dkt. 47) Prior to the Final Approval Hearing, on September 16, 2022, Plaintiff filed his Unopposed Motion for Fee Award and Litigation Costs. (Dkt. 42) That motion was referred to Magistrate Judge Flynn, who recommended granting the motion in part. (Dkt. 43) On January 17, 2023, Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement and Other Relief. (Dkt. 45) Counsel for the parties appeared via telephone and presented arguments in support of final approval of the Settlement.

Having heard the presentation of Class Counsel and Defendants' counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Attorney's Fees and Costs application, and having reviewed the materials in support thereof, for the reasons stated on the record during the February 8, 2023 hearing and for good cause appearing,

**IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Final Approval of Class Action Settlement and Other Relief, (Dkt. 45), and Motion for Fee Award and Litigation Costs, (Dkt. 42), are **GRANTED as stated herein**.

The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement (Dkt. 39-1), and all capitalized terms used

herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

1. <u>Jurisdiction</u>: The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all parties thereto, including the Settlement Class.

2. <u>The Settlement is Fair, Reasonable, and Adequate</u>: The Court finds that the Settlement was entered into by the parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's length negotiations conducted by experienced counsel with the assistance of a well-respected mediator and is non-collusive.

3. <u>Class Certification for Settlement Purposes Only</u>: For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 64,653 people, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiff and

Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the court will finally certify the Settlement Class. Defendants retain all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

    4.    <u>Class Definition</u>: The Court hereby certifies, for settlement purposes only, a Class defined as:

> "All individuals residing in the United States whose personal information was or may have been compromised in the data breach that is the subject of the Notice of Privacy Incident that Humana sent to Plaintiff and others in substantially the same form on or around March 1, 2021."

Excluded from the Settlement Class are: (i) Humana Inc. and Cotiviti, Inc. and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity involved in the Data Incident or who pleads nolo contendere to any such charge.

    5.    <u>Class Notice</u>: The approved Notice Program provided for a copy of the Notice to be e-mailed to all members of the Class who have been identified by Defendants through their records with an e-mail address, and via U.S. mail to those whose personal e-mail addresses were not available within Defendants' records. For postcards returned with a forwarding address, the Settlement Administrator mailed Notices to the forwarding addresses. The Settlement Administrator maintained the

Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form.

6. <u>Findings Concerning Notice</u>: The Court finds and determines that the Notice Program, preliminarily approved on June 23, 2022, and implemented on July 18, 2022, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via e-mail and postal mail providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

7. <u>Appointment of Class Representative</u>: The Court appoints Plaintiff Steven K. Farmer as Class Representative of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

8. <u>Appointment of Class Counsel</u>: The Court appoints Plaintiff's attorneys John A. Yanchunis and Ryan D. Maxey as Settlement Class Counsel.

9. <u>Exclusion from Class</u>: Any person falling within the definition of the Class had the opportunity, upon request, to be excluded or "opt out" from the Class. The one person who opted to be excluded from the Settlement, (Dkt. 45-1 at 35), shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Action.

10. <u>Objections and Appearances</u>: Any Class Member had the opportunity to enter an appearance in the Action, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the Fee Award and Litigation Costs, or to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the Fee Award and Litigation Costs should not be granted, as set forth in the Court's June 23, 2022 Order Granting Preliminary Approval of Class Action Settlement. There were no objections to either the Settlement or the Fee Award and Litigation Costs filed in this case. Any Class Member who did not make their objections in the manner and by the date set forth in ¶ 11 of the Court's June 23, 2022 Order Granting Preliminary Approval of Class Action Settlement shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

11. <u>Release</u>: Upon the entry of this Order, the Class Representative and all Class Members, whether or not they have filed a Claim Form within the time

provided, shall be permanently enjoined and barred from asserting any claims or causes of action against Defendants and the Released Persons based on, relating to, concerning, or arising from the Data Incident and alleged theft or misuse of Humana members' PII or PHI, and the Class Representative and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

12. <u>Attorneys' Fees and Costs</u>: Class Counsel moved for their Fee Award and Litigation Costs on September 16, 2022, which Defendants did not oppose. (Dkt. 42) Class Counsel requested $300,000.00 in attorneys' fees and litigation costs. The motion was referred to Magistrate Judge Flynn, who took the matter under advisement and authored a Report and Recommendation that Class Counsel's Fee Award and Litigation Costs be granted in part, approving $220,000.00 in attorney's fees and litigation costs. (Dkt. 104) The Court has considered Class Counsel's Motion for Fee Award and Litigation Costs along with the declarations submitted therewith setting forth their time and expenses incurred with this litigation, and  substantially agrees with the Report and Recommendation from Magistrate Judge Flynn; however, the Court includes in the calculation of the total value of the constructive common fund the following: (i) $80,000.00 for the cost of settlement administration and (ii) $2.50 for each of the 64,652 Settlement Class Members (after accounting for the single exclusion), or $161,630.00. Adding these amounts to the aggregate claims cap of $500,000.00 and the requested attorney's fees and litigation costs of $300,000.00 results in a total constructive common fund of $1,041,630.00.  The requested attorney's

6

fees and litigation costs are 28.8% of the constructive common fund, below the 30% that the Magistrate Judge found appropriate. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through this litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are awarded attorneys' fees and litigation costs in the amount of $300,000.00. This amount shall be paid by Cotiviti in accordance with the terms of the Settlement.

13. <u>Service Award</u>: Because the Eleventh Circuit has forbidden service awards, the Court will not order a service award to the Class Representative.

14. <u>Payment to Class Members</u>: Cotiviti shall pay the balance of the approved claims to the Settlement Administrator, and the Settlement Administrator shall make all required payments in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an Approved Claim, to IDX for the Identity Protection Services, for the attorneys' fees and costs, and for all settlement administration costs.

15. <u>Funds Held by Settlement Administrator</u>: All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

16. <u>Dismissal with Prejudice</u>: The above-captioned Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's

7

fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement for one year.

17. Plaintiff's Motion for Final Approval of Class Action Settlement and Other Relief, (Dkt. 45), is **GRANTED**. The Report and Recommendation on Plaintiff's Motion for Fee Award and Litigation Costs, (Dkt. 43), is **APPROVED** in large part and modified for the reasons set forth at the hearing and in this Order. Plaintiff's Motion for Fee Award and Litigation Costs, (Dkt. 42), is **GRANTED as stated herein**. Final Judgment is hereby entered.

18. The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

**IT IS SO ORDERED.**

Entered this 13th day of February 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Counsel of record*